UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEHEMIAH CORPORATION OF AMERICA,

        Plaintiff,

   v.

ALPHONSO JACKSON, et al.,

        Defendants.

/

NO. CIV. S-07-2056 LKK/DAD

O R D E R

    The court requests supplemental briefing on the appropriate remedy, if any, for plaintiff's prejudgment claim. One remedy for prejudgment is disqualification of the official who exhibits an unalterably closed mind. See Alaska Factory Trawler Ass'n v. Baldridge, 831 F.2d 1456, 1467 (9th Cir. 1987). Here, however, it appears that Nehemiah already possesses this remedy. While, as a technical matter, Secretary Jackson may retain final responsibility for rules made pursuant to a delegation of authority, 12 U.S.C. § 1701c(a), it does not appear, as a practical matter, that he was involved in the adoption of the rule at issue. In this context, Assistant Secretaries possess delegated rulemaking authority, and

1

it was Commissioner Montgomery who signed the proposed rule as well as the final rule.  Accordingly, it appears that any remedy that the court might order for Secretary Jackson's comments would leave the parties with the status quo ante.  Put differently, how can the court exclude Secretary Jackson from the rulemaking process when he was not, in fact, part of that process initially?

Plaintiff shall submit a brief of no longer than five pages on this issue by February 20, 2008.  Defendants may submit a responsive brief no longer than five pages by February 26, 2008.

IT IS SO ORDERED.

DATED: February 14, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT